RIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**

2011 OCT -5  AM 9: 57

CLERK _____
SO. DIST. OF GA.

|  |  |
|---|---|
| Teri Lynn Hinkle | ) |
| **Plaintiff** | ) |
|  | ) |
|  | ) |
| vs | ) |
|  | ) |
| PINNACLE | ) |
| FINANCIAL GROUP | ) |
| **Defendant** | ) |
|  | ) |

Case No: __CV311_ 0**92**__

Judge: _____

Trial by Jury Demanded

## ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FCRA

### JURISDICTION

1.  This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2.  All conditions precedent to the bringing of this action have been performed.

### PARTIES

3.  The Plaintiff in this lawsuit is Teri Lynn Hinkle, a natural person, who resides in Dodge

    County, Georgia.

4.  The Defendant in this lawsuit is PINNACLE FINANCIAL GROUP, an unknown

    entity with offices at 7825 Washington, ste. 310, Minneapolis, Minnesota 55438

### VENUE

5.  The occurrences which give rise to this action occurred in Dodge County, Georgia and

    Plaintiff resides in Dodge County, Georgia.

6.  Venue is proper in the Southern District of Georgia.

## GENERAL ALLEGATIONS

7. Plaintiff pulled her consumer credit reports from the three major credit reporting agencies and found entries by entities that she was unfamiliar with in the reports.

8. Plaintiff determined that her consumer credit report had been pulled on various occasions by various entities she did not recognize and without her consent.

9. Plaintiff found after examination of her TransUnion consumer credit report that Defendant PINNACLE FINANCIAL GROUP had pulled Plaintiff's TransUnion consumer credit report in May of 2010.

10. Discovery of violation brought forth herein occurred in May of 2011 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

## Count I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT PINNACLE FINANCIAL GROUP

11. Paragraphs 1 through 10 are realleged as though fully set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

13. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

14. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

15. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

16.  Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

17.  Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant PINNACLE FINANCIAL GROUP.

18.  At no time did Plaintiff give her consent for Defendant PINNACLE FINANCIAL GROUP, to acquire her consumer credit report from any credit reporting agency.

19.  FCRA in 15 U.S.C. §1681a(r)(4) states:  The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

(2)  the term "account" means a demand deposit, savings deposit, or other asset account <u>(other than an occasional or incidental credit balance in an open end credit plan</u> as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

20.  <u>The definition of "account" clearly does not include an account such as a credit card open end credit account</u> but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Plaintiff never had any such account so there was obviously no permissible purpose for the credit pull.

21.  In May of 2010 Defendant PINNACLE FINANCIAL GROUP obtained the TransUnion consumer credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. §  1681b. Although Plaintiff requested validation of account from Defendant PINNACLE FINANCIAL GROUP,  on two occasions, it

was not satisfactorily provided.

22. The action of Defendant PINNACLE FINANCIAL GROUP obtaining the consumer

    credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a

    violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's

    right to privacy.

Wherefore, Plaintiff demands judgment for damages against Defendant, PINNACLE

FINANCIAL GROUP for statutory damages of $1000.00, punitive damages to be

determined by this honorable court, attorney's fees, and costs pursuant to 15 U.S.C. §

1681n.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: October 3, 2011

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
478-374-4132

Service to:

PINNACLE FINANCIAL GROUP
7825 Washington, Ste. 310
Minneapolis, MN 55439